UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EARL JAMES GOBIN,<br><br>               Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>               Defendant. | CASE NO. C20-1044 MJP<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on Defendant Microsoft Corporation's Motion to Dismiss Plaintiff Earl Gobin's Amended Complaint. (Dkt. No. 40.) Having reviewed the Motion, Gobin's Opposition (Dkt. No. 42), Microsoft's Reply (Dkt. No. 43), and all relevant materials, the Court GRANTS the Motion and DISMISSES this case WITH PREJUDICE.

**BACKGROUND**

Acting pro se, Gobin asserts discrimination and retaliation claims under Title VII and the Washington Law Against Discrimination against his former employer, Microsoft. (Amended Complaint ("Compl.") at 1 (Dkt. No. 37.) Gobin states that the claims arise out of acts that

ORDER GRANTING MOTION TO DISMISS - 1

occurred between January 2017 through December 2018, while he was employed as a salesman for Microsoft. (Id.) Gobin alleges that although he was awarded bonuses for his work in 2016 and 2017, he was denied a bonus in 2018 despite having a banner year in sales. (Id. at 1-3.) Gobin alleges that he was denied the bonus as part of Microsoft's systemic discrimination and harassment against him on account of his race, religion, and national origin. Gobin filed a complaint with the EEOC on September 18, 2018, in which he alleged discrimination on the basis of his race, religion, and national origin in violation of Title VII, his age in violation of the Age Discrimination in Employment Act, and his disability in violation of the Americans with Disabilities Act. (Id. at 3; Dkt. No. 1-1 at 1.) After filing the EEOC complaint he alleges that Microsoft took several retaliatory acts against him. (Compl. at 1-4.)

To resolve Gobin's EEOC complaint, Gobin and Microsoft agreed to engage a third-party mediator. (Compl. at 4.) Gobin alleges that Microsoft's lawyer convinced him that the private mediator would serve both parties better than an EEOC-appointed mediator. (Id.) Gobin "regret[s his] decision to pursue private mediation" and "should have pursed the EEOC mediation process." (Id.) Gobin alleges that he was denied the ability to bring his sons as moral support to the mediation and that "Microsoft's legal representatives took emotional advantage of [his] personal and economic situation during the private mediation process by significantly reducing [his] claim for damages." (Id.) Gobin alleges that through the mediation resolution he lost claims to commissions, unvested company stock, medical coverage, and life insurance coverage. (Id.)

After the mediation, Gobin and Microsoft entered into a Separation Agreement on December 7, 2018. (See Separation Agreement (Dkt. No. 9 at 3-9).) Gobin received substantial economic compensation in exchange for a release of his pending discrimination claims. (Id. at 3.) He also agreed "to waive and release (i.e., give up) all known and unknown claims that I

currently have against any of the Released Parties [i.e. Microsoft]," including claims arising under "Title VII of the 1964 Civil Rights Act," the "Americans with Disabilities Act," "the Age Discrimination in Employment Act," and "The Washington Law Against Discrimination." (Separation Agreement § 3(a)-(b) (Dkt. No. 9 at 3-4).) And although Gobin was not represented by counsel (though he could have brought counsel to the mediation), he was afforded 21 days to consider the agreement and another 7 to reconsider after signing. (Separation Agreement § 13 (Dkt. No. 9 at 8-9). Consistent with the Separation Agreement, Gobin withdrew his EEOC complaint, which was formally approved by the EEOC on February 4, 2019. (Ex. C to the Declaration of Devin Smith (Dkt. No. 41-3 at 2).)

Gobin alleges only one retaliatory act after his separation from Microsoft. After contacting Microsoft about his desire to file this lawsuit, he received an "arrogant" letter from counsel for Microsoft in June 2020, which "effectively threaten[ed Gobin] if [he] filed a lawsuit against" Microsoft. (Compl. at 4; see Letter from Munger & Stone LLP to Gobin dated June 26, 2020 (Dkt. No. 9 at 1-2).) Gobin alleges this was "another example of a retaliatory event." (Id.) Gobin identifies no other discriminatory or retaliatory events that occurred after his separation from Microsoft.

## ANALYSIS

**A.   Legal Standard**

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint may fail to show a right of relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." Woods v. U.S. Bank N.A., 831 F.3d 1159, 1162 (9th Cir. 2016). In ruling on a Rule 12(b)(6) motion, the Court must accept all material allegations as true and construe the complaint

in the light most favorable to the non-movant. Wyler Summit P'Ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

**B.     Judicial notice**

"[A] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." Parrino v. FHP, Inc., 146 F.3d 699, 705–06 (9th Cir. 1998), superseded by statute on other grounds. The Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295–96 (9th Cir. 1998). And the Court may take judicial notice of a plaintiff's court filings, proceedings, and public documents. Cunningham v. Litton Indus., 413 F.2d 887, 889 n.2 (9th Cir. 1969) (taking judicial notice of EEOC proceedings).

Microsoft asks the Court to take notice of: (1) Gobin's EEOC charge of discrimination; (2) the EEOC notice of charge; (3) the EEOC withdrawal letter; (4) the 2018 Separation Agreement (Dkt. 9 at 3-9); (5) Gobin's Legal Brief filed with his complaint (Dkt. No. 1-2); (6) Gobin's simultaneously-filed lawsuit against IBM; and (7) the June 2020 letter Gobin (Dkt. No. 9 at 1-2).

The Court takes notice of the EEOC filings, which are properly subject to judicial notice. See Cunningham, 413 F.3d at 889 n.2. Gobin's Separation Agreement and the letter from Microsoft's counsel in June 2020 are also properly noticed because Gobin refers to and relies on them in making the claims his amended complaint. See Parrino, 146 F.3d at 705-06. The Court denies the request to take notice of Gobin's lawsuit against IBM, which is irrelevant to the issues

1 | pending before the Court. And the Court denies the request to take notice of Gobin's "Legal
2 | Brief," as it does not appear to be incorporated into the Amended Complaint and is not necessary
3 | to consider in order to resolve the pending Motion.

4 | **C.     Separation Agreement bars Gobin's claims**

5 | All of Gobin's employment-related claims are barred by the release and waiver contained
6 | in the Separation Agreement. While Gobin expresses regret over engaging in private mediation
7 | and for releasing any claims against Microsoft for discrimination and retaliation, he has not
8 | identified any valid basis to set aside the Agreement.

9 | The Court considers the validity of the Agreement's release and waiver of claims under
10 | both federal and state law. "The interpretation and validity of a release of claims under Title VII
11 | is governed by federal law." Stroman v. W. Coast Grocery Co., 884 F.2d 458, 461 (9th Cir.
12 | 1989). The Court must assess the scope of the waiver and whether the entry into it was
13 | "voluntary, deliberate, and informed"—a determination "predicated upon an evaluation of
14 | several indicia arising from the circumstances and conditions under which the release was
15 | executed." Id. at 462 (citation and quotation omitted). Four factors are relevant to this inquiry:
16 | (1) clarity and lack of ambiguity of the agreement; (2) plaintiff's education and business
17 | experience; (3) presence of noncoercive atmosphere for execution of the release; and (4)
18 | availability of legal counsel. See id.

19 | Under Washington law "[a] release is governed by contract law which defines voluntary
20 | as signing an instrument of one's own free will, knowing that one is signing the agreement.
21 | Chadwick v. Nw. Airlines, Inc., 33 Wn. App. 297, 303 (1982), aff'd, 100 Wn.2d 221 (1983).
22 | "Unless there is a showing of fraud, deceit, coercion, mutual mistake or mental incompetency at

the time the instrument is executed, one having the opportunity to read it is deemed by law to have understood its contents and cannot claim to have been misled thereby." Id.

The Separation Agreement's release and waiver broadly applies to all of Gobin's claims arising out of the pre-termination conduct. This includes the Title VII, ADA, ADEA,[1] and WLAD claims that he alleges or refers to in his Amended Complaint and opposition brief. Through the Separation Agreement, Plaintiff agreed "to waive and release (i.e., give up) all known and unknown claims that [he] currently ha[d] against any of the Released Parties," including claims arising under "Title VII of the 1964 Civil Rights Act," the "Americans with Disabilities Act," "the Age Discrimination in Employment Act," and "The Washington Law Against Discrimination." (Separation Agreement § 3(a)-(b) (Dkt. No. 9 at 3-4).) Except for the retaliation claim stemming from the June 2020 letter, all claims Gobin pursues in this case arise out of conduct that had occurred before he signed the Agreement. This includes Gobin's claim that he was "defrauded" his 2018 bonus, which the Court construes as part of Gobin's federal and state discrimination and retaliation claims, not a separate fraud claim. All of these claims are subject to the Separation Agreement's waiver and release.

The Separation Agreement is enforceable under Federal and State Law. The language of the waiver is clear and unambiguous. Gobin is well educated and experienced in business. There are no allegations that Gobin's entry into the agreement was involuntary or uninformed. While Gobin expresses regret, he does not allege that he failed to understand the clear terms of the Agreement. There are allegations that Gobin was not allowed to bring his sons to the mediation for moral support and that Microsoft threatened to terminate Gobin for insubordination if he did

---

[1] Although Gobin's Amended Complaint limits the claims to Title VII and the WLAD, he also makes reference to ADA and ADEA claims. The court addresses those claims in addition to the Title VII and WLAD claims.

1   not resolve his claims. But the lack of moral support does not show a coercive atmosphere.
2   Gobin could have brought counsel with him for moral and legal support, but chose not to. And
3   even accepting as true that Microsoft threatened termination if Gobin did not agree to the
4   Separation Agreement, he was given 21 days to retain counsel to review the agreement, and 7
5   more to revoke his acceptance. (Separation Agreement § 13 (Dkt. No. 9 at 8-9).). He was thus
6   given adequate time outside of the mediation to consider and reflect on the proposed Separation
7   Agreement before signing it. Accepting Gobin's allegations as true, the Court finds no basis on
8   which to invalidate the Agreement.
9       The Court concludes that all of Gobin's claims arising out of his employment are barred
10  by the waiver and release in the Separation Agreement. On this basis the Court GRANTS the
11  Motion to Dismiss.

12  **D.    Failure to exhaust bars Gobin's federal claims**

13      Gobin's federal discrimination and retaliation claims are also barred by his failure to
14  exhaust administrative remedies.
15      While not jurisdictional, Title VII exhaustion is mandatory and may be raised as a
16  defense. Fort Bend County, Texas v. Davis, ___ U.S. ___, 139 S. Ct. 1843, 1850-53 (2019). The
17  same exhaustion requirement applies to ADA claims. See 42 U.S.C. § 12117(a) (extending Title
18  VII exhaustion requirement to ADA); Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir.
19  2000) ("A plaintiff must file a timely charge of discrimination with the EEOC as a prerequisite to
20  maintaining an ADA action"), overruled on other grounds. A party seeking to pursue Title VII
21  and ADA claims must file a claim with the EEOC within 180 days of the alleged unlawful
22  employment practice. 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a). If the complainant
23  institutes proceedings with a state or local agency "with authority to grant or seek relief from
24

such practice," the period of limitations for filing a charge with the EEOC is extended to 300 days. 42 U.S.C. § 2000e-5(e)(1). In an unpublished decision the Ninth Circuit concluded that a plaintiff's withdrawal of an EEOC claim constitutes an abandonment and resulted in a failure to exhaust the EEOC process. See Wright v. United Airlines, Inc., 1 F.3d 1248, *1 (9th Cir. 1993) (unpublished).

The record here shows that Gobin has not exhausted the EEOC process for any of his federal claims. While Gobin did file a complaint with the EEOC alleging age, disability, race, national origin, and religious discrimination, he withdrew it voluntarily. (See Smith Decl., Ex. C (Dkt. No. 41-3).) There is no evidence of exhaustion. See Wright, 1 F.3d 1248, * 1. Given that Gobin's Title VII and ADA claims arise out of conduct that occurred well over 300 days ago, he cannot now pursue exhaustion. Gobin's failure to exhaust these claims justifies dismissal. On this additional basis, the Court GRANTS Microsoft's Motion to Dismiss Gobin's federal claims.

**E.        Retaliation claim based on the June 2020 letter**

Gobin alleges that in June 2020 Microsoft engaged in retaliatory conduct by authorizing outside counsel to send him an "arrogant" and "threatening" letter warning him not to file the present lawsuit. Construed in Gobin's favor, the letter does not support a claim of retaliation.

To prove retaliation under Title VII and the WLAD, a plaintiff must prove "(1) he engaged in a protected activity; (2) he suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the adverse employment decision." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064 (9th Cir. 2002); Briggs v. Nova Servs., 135 Wn. App. 955, 966 (2006) (citing Francom v. Costco Wholesale Corp., 98 Wn. App. 845, 862 (2000)) (same three elements under WLAD). Under Washington law "not everything that makes an employee unhappy is an actionable adverse action." Alonso v. Qwest Commc'ns Co.,

LLC, 178 Wn. App. 734, 747 (2013). And Title VII, "does not set forth a general civility code for the American workplace"—"petty slights, minor annoyances, and simple lack of good manners" do make actionable claims. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

The June 2020 letter cannot form the basis of an actionable claim for retaliation. The letter does not constitute an adverse employment action—Gobin was not employed by Microsoft when the letter was sent. And even if did, its contents cannot support a claim of retaliation. While perhaps not tactful, the letter merely reports various reasons why Gobin should not and could not pursue the claims that he threatened to make against Microsoft. Having reviewed the letter itself, the Court finds that it does not contain actionable evidence of retaliation under state or federal law, even if construed in Gobin's favor. Gobin's allegations do not plausibly state a claim for retaliation. The Court GRANTS the Motion to Dismiss all claims related to the letter.

**F.      Dismissal with Prejudice**

In general, dismissal with prejudice and without leave to amend is not appropriate unless it is clear "that the complaint could not be saved by any amendment." Polich v. Burlington Northern, Inc., 942 F.2d 1467, 1472 (9th Cir. 1991). While there is a "strong policy in favor of allowing amendment," Royal Ins. Co. of Am. v. Southwest Marine, 194 F.3d 1009, 1016 (9th Cir. 1999) (citation omitted), leave need not be granted where the amendment is sought in bad faith, would prejudice the opposing party, would result in undue delay, or is futile. Id. "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

1 | Gobin's federal and state law claims based on the pre-termination conduct are barred by
2 | the valid release and waiver in the Separation Agreement. No amendment to the federal and state
3 | law claims Gobin pleads can overcome the preclusive effect of the Agreement's valid release and
4 | waiver. Gobin's federal law claims based on the pre-termination conduct are also barred by his
5 | failure to exhaust administrative remedies, which cannot be remedied at this late date. See 42
6 | U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a). Amendment of the pre-
7 | termination claims would be futile. The same is true of Gobin's claims of retaliation predicated
8 | on the June 2020 letter. The letter cannot form the basis of a valid claim of retaliation, making
9 | amendment futile. The Court therefore DISMISSES WITH PREJUDICE all of Gobin's claims.

## CONCLUSION

Despite construing Gobin's claims broadly and in his favor, the Court finds that Gobin has not alleged actionable discrimination and retaliation claims. The Separation Agreement bars all of Gobin's claims arising out of his employment and he has failed to exhaust the EEOC process for all related federal law claims. No additional facts can save these claims. And Gobin has not and cannot allege that the June 2020 letter constitutes an act of retaliation. The Court therefore GRANTS Microsoft's Motion and DISMISSES Gobin's claims WITH PREJUDICE.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated January 15, 2021.

Marsha J. Pechman
United States District Judge